Mr. Ray Scott, Director Arkansas Department of Human Services Office of the Director 7th and Main Street Little Rock, AR 72201
Dear Mr. Scott:
This letter is written in response to your request for an official opinion concerning Act 1020 of 1985. Specifically, you ask the following questions:
 1. Whether the Department of Human Services, or any of its Divisions, are required to take any specific action relative to the language of Act 1020 of 1985. The Act contains the language "public and private health and social agency." It is unclear without the benefit of statutory definitions whether the Department of Human Services is defined as a health and social agency.
 2. Whether the release of information required by Act 1020 of 1985 constitutes a breach of confidentiality. Specifically, the Rehabilitation Act of 1973, as amended, contains specific prohibitions to release of information concerning clients of this Department. Section 3(1)(a) of Act 1020 of 1985 appears to contain conflicting language. At one point it requires a disclosure of information to the Foundation if "the person consents to such report being filed." The very next sentence appears to be stating that every instance relative to amputation, disease or injury shall be reported to the Foundation. These sentences appear to be in direct conflict with each other, and in conflict with existing federal regulations regarding disclosure of this type of information.
The language of Act 1020 of 1985 is very broad. The Legislative intent provides some direction. Section 1 of the Act states:
 It is the intent and purpose of this Act to insure the referral of ALL amputee disabled persons to the Arkansas State Amputee Foundation by appropriate individuals or public and private agencies in order that all amputee disabled persons may obtain the appropriate total rehabilitative services rendered by existing State agencies, departments and other organizations. (Emphasis added).
The purpose of this Act was to provide the Arkansas Amputee Foundation with information about all amputees so that they may establish and maintain a central registry of amputee disabled persons. The Act requires every public and private "health and social agency" to report this information to the Foundation. Your first question is whether the Department of Human Services is a "health and social agency." Taking the plain meaning of the phrase "health and social agency" and the intent of this Act as stated in 1, it is my opinion that the Department of Human Services falls within the phrase "health and social agency." After all, the Department of Human Services exists to institute various health related and social services programs.
Your second question concerns 3(1)(a) of Act 1020 which requires the health and social agency to file a report with the Foundation concerning any amputee disabled person and the possible conflict with federal law prohibiting the release of information concerning clients of the Department of Human Services. You correctly state the federal law prohibits the release of certain information. See, 34 C.F.R. 361.49.
Act 1020 requires the filing of a report to contain the person's name, age, residence and type of amputation. Section 361.49 prohibits the release of "personal information" of persons under the federal program except to specific individuals and organizations in narrow circumstances.
Subsection (e) of 361-49 states:
 Release to other programs or authorities. (1) Upon receiving the informed written consent of the individual, the State unit may release to another agency or organization for its program purposes only that personal information which may be released to the involved individual, and only to the extent that the other agency or organization demonstrates that the information requested is necessary for its program. Medical or psychological information which the State unit believes may be harmful to the individual may be released when the other agency or organization assures the State unit that the information will be used only for the purpose for which it is being provided and will not be further released to the involved individual. . . .
Obviously, this federal regulation, where applicable, enacted pursuant to federal law is in conflict with Act 1020. In this instance, information could be released to the extent allowed in (e) as the federal rules will take precedence over state law.
In addition 3(1)(a) does appear to contain conflicting language. The section states that the health and social agency is to release the information if they obtain the consent from the amputee. The section then appears to state that ALL amputations are to be reported to the Foundation immediately upon identification. However, this purported ambiguity is irrelevant to your request as federal law prevails here.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Randel K. Miller.